CASE NO.: 19-cv-1114-G

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOHN ANTHONY: GUADNOLA

Plaintiff,

v.

HAWAII DEPARTMENT OF EDUCATION, WAILUA
HIGH AND INTERMEDIATE SCHOOL

Defendant.

## DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT

KUNIO KUWABE        HBA#4798
Deputy Attorney General
Education Division
Department of the Attorney General,
State of Hawai'i
235 S. Beretania Street, Room 304
Honolulu, Hawai'i 96813
Phone: (808) 586-1255
Facsimile: (808) 586-1488
Email: Kunio.Kuwabe@hawaii.gov

*Attorney for Defendant*

May 1, 2020

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| John Anthony: Guadnola<br><br>        Plaintiff(s),<br><br>v.<br><br>HAWAII DEPARTMENT OF<br>EDUCATION, WAILUA HIGH AND<br>INTERMEDIATE SCHOOL<br><br>        Defendant(s). | **CASE NO.: 19-cv-1114-G** |

**DEFENDANT DEPARTMENT OF EDUCATION'S
SPECIAL APPEARANCE AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FILED NOVEMBER 27, 2019**

Defendant DEPARTMENT OF EDUCATION ("DOE"), mis-identified as Defendant HAWAII DEPARTMENT OF EDUCATION, WAILUA HIGH AND INTERMEDIATE SCHOOL, by and through its attorney, Kunio Kuwabe, Deputy Attorney General, appears specially[1] and moves this Court for an Order dismissing the Complaint [Doc. 1] filed on November 17, 2019.

In his Complaint, Plaintiff alleges that the DOE violated the federal Telephone Consumer Protection Act. However, this Court lacks personal jurisdiction over the DOE.

---

[1] As discussed herein, Plaintiff has not properly served the DOE in accord with Hawaii law. Accordingly, the DOE is making its special appearance. In filing this current

Furthermore, Plaintiff has improperly served the Complaint and Summons. Accordingly, the Complaint should be dismissed.

Alternatively, this Court should quash the service of the Complaint/Summons for Plaintiff's failure to timely serve the DOE within 90 days of the filing of the Complaint.

Furthermore, this Court should dismiss the Complaint as the DOE – a public agency of the State of Hawaii – has not waived its sovereign immunity under the Eleventh Amendment of the United States Constitution.  Therefore, the Plaintiff cannot sue the DOE in this Court.

This Motion is brought pursuant to Rule 12(b)(2) and (b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure.  And moving for dismissal pursuant to sovereign immunity falls within Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The Motion is supported by the attached Memorandum and the record and files in this case.

DATED:      May 1, 2020.

/s/ Kunio Kuwabe
KUNIO KUWABE          HBA#4798
Deputy Attorney General
Education Division
Department of the Attorney General,
State of Hawaiʻi
235 S. Beretania Street, Room 304
Honolulu, Hawaiʻi 96813
Phone: (808) 586-1255
Facsimile: (808) 586-1488
Email: Kunio.Kuwabe@hawaii.gov


Attorney for Defendant
DEPARTMENT OF EDUCATION

2

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................... 1

II.   PLAINTIFF'S COMPLAINT ..................................................................... 2

   A.  Plaintiff's Allegations do not Establish that this Forum State has Personal Jurisdiction Over the DOE ........................................................................ 2

III.  LEGAL ANALYSIS .................................................................................. 3

   A.  Plaintiff has not Established that Asserting Personal Jurisdiction Over the DOE in Oklahoma Comports with the Due Process Requirements Under the United States Constitution ................................................................................... 3

     1.  Plaintiff has the burden of establishing that the forum state has personal jurisdiction over the DOE................................................................... 3

     2.  Plaintiff must establish that the DOE has minimum contacts with the forum state and that asserting personal jurisdiction comports with traditional notions of fair play and substantial justice ....................................................... 4

        a)  Minimum contacts require that the non-resident defendant purposefully directed activities against the plaintiff in the forum state .............................. 5

        b)  This Court has noted that the purposeful direction inquiry requires that the non-resident defendant itself must interact with the forum state ................... 9

        c)  Even if minimum contacts requirements are established, courts must determine whether exercising personal jurisdiction over a non-resident defendant will offend traditional notions of fair play and substantial justice ............................................................................................. 11

     3.  The DOE lacks minimum contacts since Plaintiff does not allege that the DOE knew Plaintiff was residing in Oklahoma when messages were sent to his cellular phone with the Hawaii area code ....................................................... 11

     4.  Exercising personal jurisdiction over the DOE would not comport with the traditional notions of fair play and substantial justice ...................................... 15

   B.  Plaintiff has not Properly Served Process on the DOE as Required Under Hawaii State Law ........................................................................................... 16

      1.    Fed. R. Civ. P. 4 requires service on the DOE in accord with Hawaii state law .......................................................................................................... 16

      2.    Hawaii state law requires personal service on the Department of the Attorney General and the Department of Education ....................................................... 17

  C.    Plaintiff has not Properly Served the DOE within the Time Limits of Fed. R. Civ. P. 4 ......................................................................................................................... 18

  D.    Sovereign Immunity Precludes Plaintiff from Asserting his Complaint in this Court ........................................................................................................................... 19

IV.      CONCLUSION ................................................................................................... 21

## TABLE OF AUTHORITIES

**CASES**

*Abramson v. Connected Marketing, LLC*,
2020 WL 1139251 (N.D.Ill. March 9, 2020) ................................................... 4

*Anzures v. Flagship Restaurant Group*,
819 F.3d 1277 (10th Cir. 2016) ...................................................................... 9

*Bagg v. USHealth Grp., Inc.*,
2016 WL 1588666 (M.D.Fla. Apr. 20, 2016) ................................................ 9

*Beckmann v. Ito*,
2020 WL 53559 (D.Hawaii January 3, 2020) ......................................... 20, 21

*Burdex v. Smith*,
2020 WL 609759 (W.D.Okla. January 14, 2020) ........................................ 18

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ............................ 5, 8

*Calder v. Jones*,
465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) .............. 7, 8, 13, 14

*Daimler AG v. Bauman*,
571 U.S. 117, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) ................................ 6

*Davis v. Kan. Dep't of Corrs.*,
507 F.3d 1246 (10th Cir. 2007) .................................................................... 19

*Dental Dynamics, LLC v. Jolly Dental Group, LLC*,
946 F.3d 1223 (10th Cir. 2020) ...................................... 3, 4, 5, 8, 9, 11, 15

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,
514 F.3d 1063 (10th Cir. 2008) ........................................................ 3, 4, 7, 8

*Ex Parte Young*,
209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) ................................. 19, 20

*Global Mfg. Group, LLC v. Gadget Universe.Com*,
417 F.Supp.2d 1161 (S.D.Cal. 2006) ............................................................ 2

*Hall v. State of Hawaii*,
  791 F.2d 759 (9th Cir. 1986). ....................................................................21

*Harris v. Owens*,
  264 F.3d 1282 (10th Cir. 2001) ...............................................................20

*Helicopteros Nacionales de Colombia v. Hall*,
  466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)...............................5

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)......................................5, 8

*Intercon, Inc. v. Bell Atl. Internet Sol.*,
  205 F.3d 1244 (10th Cir. 2000) ..............................................................3, 6

*Lambert v. Seminole County School Board*,
  2016 WL 9453806 (M.D.Fla. January 21, 2016).......................................20

*Lee v. Branch Banking & Trust Company*,
  2018 WL 5633995 (S.D.Fla. October 31, 2018)........................................13

*Leming v. Oklahoma Department of Veterans Affairs*,
  2018 WL 5929644 (W.D.Okla. November 13, 2018) .................................19

*Levy v. Kansas Dept. of Social and Rehabilitation Services*,
  789 F.3d 1164 (10th Cir. 2015) ...............................................................20

*McCormick v. Halliburton Co.*,
  895 F.Supp.2d 1152 (W.D.Okla. 2012) .....................................................5

*Michelle S. v. Oklahoma*,
  2008 WL 2951095 (W.D.Okla. July 28, 2008)..........................................19

*Naiman v. TranzVia LLC*,
  2017 WL 5992123 (N.D.Cal. December 4, 2017) ...............................13, 14

*Old Republic Insurance Company v. Continental Motors, Inc.*,
  877 F.3d 895 (10th Cir. 2017) .............................................6, 7, 8, 11, 12, 15

*Opala v. Watt*,
  454 F.3d 1154 (10th Cir. 2006) ...............................................................19

*Pahk v. Hawaii*,
    109 F.Supp.2d 1262 (D. Haw. 2000) ...........................................................21

*Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*,
    750 F.3d 1178 (10th Cir. 2014) ...................................................................9

*Schlesinger v. Collins*,
    2019 WL 4674396 (N.D.Cal. September 25, 2019) .....................................7

*Seminole Tribe v. Florida*,
    517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 352 (1996) .............................19

*Sherez v. State of Hawai'i Dep't of Educ.*,
    396 F.Supp.2d 1138 (D. Haw. 2005) ..........................................................21

*Shrader v. Biddinger*,
    633 F.3d 1235 (10th Cir. 2011) ...............................................................3, 4

*Smith v. Truman Road Development, LLC*,
    414 F.Supp.3d 1205 (W.D.Mo. 2019) ..........................................................1

*Threadford v. Board of Trustees of University of Alabama*,
    2018 WL 2197554 (N.D.Ala. May 14, 2018) .............................................20

*US Fax Law Ctr., Inc. v. iHire, Inc.*,
    362 F.Supp.2d 1248 (D.Colo. 2005) ............................................................9

*Walden v. Fiore*,
    571 U.S. 277, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014) ....................4, 9, 13

*Wilson v. Virtual Benefits Group Inc.*,
    2020 WL 913281 (W.D.Okla. February 25, 2020) ...............9, 10, 11, 12, 13

*Wisconsin Dep't of Corrections v. Schacht*,
    524 U.S. 381, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) ...........................19

## CONSTITUTIONAL PROVISIONS

United States Constitution amendment XI .......................................................19

## STATUTES

47 U.S.C. § 227 ........................................................................................................... 1

Hawaii Revised Statutes § 26-12 ............................................................................. 2, 12

Hawaii Revised Statutes § 661–2 ............................................................................... 21

Hawaii Revised Statutes § 661-3 ............................................................................... 21

Okla. Stat. Ann. Title 12 § 2004(F) ............................................................................. 5

## RULES

Fed. R. Civ. P. 4(e) .................................................................................................... 16

Fed. R. Civ. P. 4(m) ................................................................................................... 18

Fed. R. Civ. P. 12(b)(1) .............................................................................................. 20

Fed. R. Civ. P. 12(b)(2) .............................................................................................. 21

Fed. R. Civ. P. 12(b)(5) .............................................................................................. 21

Hawaii Rules of Civil Procedure Rule 4(d)(4) ............................................................ 17

Hawaii Rules of Civil Procedure Rule 4(d)(5) ............................................................ 17

Hawaii Rules of Civil Procedure Rule 81(i) ............................................................... 17

## OTHER AUTHORITIES

H. R. Rep. No. 102-317 (1991) .................................................................................... 1

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| John Anthony: Guadnola | |
| Plaintiff(s), | |
| v. | **CIVIL NO. 19-1114-G** |
| HAWAII DEPARTMENT OF EDUCATION, WAILUA HIGH AND INTERMEDIATE SCHOOL | MEMORANDUM IN SUPPORT |
| Defendant(s). | |

## I.    INTRODUCTION

In his Complaint for Violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 filed November 27, 2019 [Doc. 1], Plaintiff JOHN ANTHONY GUADNOLA ("Plaintiff") is claiming that the DOE violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.[2] However, this Court lacks personal jurisdiction over the DOE as the DOE lacks the required minimum contacts with the forum state - Oklahoma. Moreover, to date, Plaintiff has not properly served the DOE in

---

[2] *See generally Smith v. Truman Road Development, LLC*, 414 F.Supp.3d 1205, 1213 (W.D.Mo. 2019) (Congress enacted the TCPA in 1991 in response to intrusive and unwanted telephone calls from telemarketers and its purpose was "to protect residential telephone subscriber privacy rights by restricting certain commercial solicitation and advertising uses of the telephone and related telecommunications equipment.") (citing H. R. Rep. No. 102-317, at 5 (1991)).

accord with Hawaii state law with his Complaint/Summons. Accordingly, this Court should dismiss Plaintiff's Complaint.[3]

## II.   PLAINTIFF'S COMPLAINT

### A.   Plaintiff's Allegations do not Establish that this Forum State has Personal Jurisdiction Over the DOE

Plaintiff alleges that he is a resident of Oklahoma and that the DOE is located in Hawaii.[4] Plaintiff does not expressly state that the DOE School – Wailua High and Intermediate School – is the public school providing education to his son. However, Plaintiff alleges that the DOE School was making calls regarding school-related matters about his son to Plaintiff's cellular phone number – a number with the Hawaii area code 808[5] – in violation of the TCPA. Plaintiff does not allege that he was residing in Oklahoma when these alleged calls were made to his cellular phone. Moreover, Plaintiff does not allege that the DOE knew that Plaintiff was residing in Oklahoma when these

---

[3] Alternatively, as discussed herein, this Court should quash the service of the Complaint/Summons for Plaintiff's failure to timely serve the DOE within 90 days of the filing of the Complaint. Furthermore, as discussed herein, sovereign immunity also precludes Plaintiff's Complaint against the DOE in this Court.

[4] The DOE is the public agency of the State of Hawaii that provides the compulsory public education to students in the State. *See generally* Hawaii Revised Statutes ("H.R.S.") § 26-12 (DOE is headed by an executive board – the Board of Education – and under policies established by the Board, the Superintendent of the DOE administers programs of education and public instruction throughout the State that include, *inter alia*, education at the primary and secondary school levels).

[5] The Court can take judicial notice that the 808 area code serves Hawaii. *See, e.g.*, *Global Mfg. Group, LLC v. Gadget Universe.Com*, 417 F.Supp.2d 1161, 1174 n.4 (S.D.Cal. 2006) (taking judicial notice of the fact that the 758 area code serves Hays and Topeka, Kansas).

calls were made to his cellular phone number. While Plaintiff alleges that the DOE made

calls to his cellular phone, Plaintiff does not allege facts showing that the DOE made the

necessary minimum contacts with the forum state – Oklahoma – that establishes personal

jurisdiction over the DOE. *See generally* Plaintiff's Complaint [Doc. 1].

III.   **LEGAL ANALYSIS**

      A.   **Plaintiff has not Established that Asserting Personal Jurisdiction Over the DOE in Oklahoma Comports with the Due Process Requirements Under the United States Constitution**

          1.   **Plaintiff has the burden of establishing that the forum state has personal jurisdiction over the DOE**

In the Tenth Circuit, Plaintiff has the burden of establishing that the forum state

has personal jurisdiction over the DOE. *See Intercon, Inc. v. Bell Atl. Internet Sol.*, 205

F.3d 1244, 1247 (10th Cir. 2000); *Dental Dynamics, LLC v. Jolly Dental Group, LLC*,

946 F.3d 1223, 1228 (10th Cir. 2020); *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th

Cir. 2011). Where the issue of personal jurisdiction is presented for decision on the basis

of allegations and affidavits or written materials, Plaintiff needs to make a prima facie

showing that jurisdiction exists. *See Intercon*, 205 F.3d at 1247; *Dental Dynamics*, 946

F.3d at 1228; *Shrader*, 633 F.3d at 1239. The Court must accept as true all factual

allegations that are plausible, non-conclusory, and non-speculative asserted in Plaintiff's

complaint and resolve any factual disputes in the Plaintiff's favor. *See Dudnikov v. Chalk

& Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008)); *Intercon*, 205 F.3d at

1247; *Shrader*, 633 F.3d at 1239. However, in the Tenth Circuit, even well-pleaded

jurisdictional allegations are not accepted as true if controverted by affidavit. *See*

*Shrader,* 633 F.3d at 1248. Accordingly, when in support of a motion the defendant submits an affidavit based on personal knowledge, the plaintiff must show a dispute of fact through specific averments, verified allegations, or other evidence. *See Dental Dynamics*, 946 F.3d at 1228. However, conclusory allegations are not credited by courts and will not suffice to defeat a motion to dismiss. *See Dudnikov,* 514 F.3d at 1073; *Dental Dynamics*, 946 F.3d at 1228.

> **2.    Plaintiff must establish that the DOE has minimum contacts with the forum state and that asserting personal jurisdiction comports with traditional notions of fair play and substantial justice**

To establish personal jurisdiction over the DOE - a non-resident defendant - in this forum state, Plaintiff must demonstrate that jurisdiction is proper under the laws of Oklahoma and that the exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment.[6] *See Dental Dynamics*, 946 F.3d at 1228[7] (citing *Walden v. Fiore*, 571 U.S. 277, 282, 134 S.Ct. 1115 (2014)). Oklahoma's long-arm statute authorizes courts to "exercise jurisdiction on any basis consistent with the Constitution of

---

[6] Courts note that the TCPA does not authorize nationwide service of process and, therefore, personal jurisdiction is appropriate only if authorized by state law and complies with the United States Constitution. *See, e.g.*, *Abramson v. Connected Marketing, LLC*, 2020 WL 1139251, at 2 (N.D.Ill. March 9, 2020).

[7] In *Dental Dynamics*, the Tenth Circuit was reviewing personal jurisdiction in a diversity action. In the current matter, while Plaintiff is asserting subject matter jurisdiction based upon a federal question, the analysis of proper personal jurisdiction is no different when the defendant is a non-resident of this forum.

4

this state and the Constitution of the United States." OKLA. STAT. ANN. title 12 §

2004(F).[8]

In *Dental Dynamics*, the Tenth Circuit outlined the general due process analysis:

> The Due Process Clause authorizes personal jurisdiction if two elements are met.
> First, a defendant must have "purposefully established minimum contacts within
> the forum state." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154,
> 90 L.Ed. 95 (1945). Second, the assertion of personal jurisdiction must comport
> with traditional notions of fair play and substantial justice. *See Burger King Corp.*
> *v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

*Dental Dynamics*, 946 F.3d at 1229.

### a)      Minimum contacts require that the non-resident defendant purposefully directed activities against the plaintiff in the forum state

To determine whether a non-resident defendant has the required minimum

contacts, the Tenth Circuit examines whether specific or general jurisdiction can be

asserted over the defendant:

> The "minimum contacts" standard may be met in two ways. First, a court may,
> consistent with due process, assert specific jurisdiction over a nonresident
> defendant "if the defendant has purposefully directed his activities at residents of
> the forum, and the litigation results from alleged injuries that arise out of or relate
> to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct.
> 2174, 85 L.Ed.2d 528 (1985) (quotations and citations omitted). When a plaintiff's
> cause of action does not arise directly from a defendant's forum-related activities,
> the court may nonetheless maintain general personal jurisdiction over the
> defendant based on the defendant's business contacts with the forum state. *See*
> *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–16 & n. 9, 104
> S.Ct. 1868, 80 L.Ed.2d 404 (1984).

---

[8] The due process protections under Oklahoma's state Constitution are the same as the
due process protections under the United States Constitution. *See McCormick v.*
*Halliburton Co.*, 895 F.Supp.2d 1152, 1157 (W.D.Okla. 2012).

*Intercon*, 205 F.3d at 1247; *see also Daimler AG v. Bauman,* 571 U.S. 117, 134 S.Ct. 746, 754 (2014).

General jurisdiction means that a court may exercise jurisdiction over a non-resident defendant for all purposes. *See Old Republic Insurance Company v. Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017); *Daimler*, 571 U.S. at 127, 134 S.Ct. at 754. In *Old Republic*, the Tenth Circuit explained the requirements for establishing general jurisdiction:

> A court may assert general jurisdiction over foreign ... corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." . . . "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts.

*Old Republic*, 877 F.3d at 904 (citations omitted).

In this matter, Plaintiff has not asserted any basis for general jurisdiction. Plaintiff has not asserted that the DOE has any business contacts with Oklahoma, much less continuous and systematic general business contacts.

For specific jurisdiction, a court may exercise jurisdiction over a non-resident defendant only if the cause of action relates to the defendant's contacts with the forum state. *See Id.* ; *Daimler*, 571 U.S. at 126-27, 134 S.Ct. at 754. In *Old Republic*, the Tenth Circuit explained the general requirements for specific jurisdiction:

> Specific jurisdiction calls for a two-step inquiry: (a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a "compelling case that the presence of some other considerations would render jurisdiction unreasonable."

*Old Republic*, 877 F.3d at 904 (citations omitted).

Minimum contacts establishing specific jurisdiction has two distinct requirements: (1) the non-resident defendant must have purposefully directed its activities at residents of the forum state and (2) the plaintiff's injuries must arise out of the defendant's forum-related activities. *See id.*

Regarding the purposeful direction requirement, in *Dudnikov*, the Tenth Circuit reviewed a three-part test determining purposeful direction that was discussed in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984).[9] In *Dudnikov*, the Tenth Circuit summarized the three salient factors in *Calder* establishing purposeful direction:

> Distilling *Calder* to its essence, we thus understand the Court to have found purposeful direction there because of the presence of (a) **an intentional action** (writing, editing, and publishing the article), that was (b) **expressly aimed at the forum state** (the article was about a California resident and her activities in California; likewise it was drawn from California sources and widely distributed in that state), with (c) **knowledge that the brunt of the injury would be felt in the forum state** (defendants knew Ms. Jones was in California and her career revolved around the entertainment industry there).

*Dudnikov*, 514 F.3d at 1072 (emphases added).

In *Dudnikov*, the Tenth Circuit further explained the third factor – knowledge that the brunt of the injury would be felt in the forum state – as follows:

> But under the *Calder* test plaintiffs have invoked, they must establish, and have established for purposes of a motion to dismiss decided on the pleadings and affidavits, not only that defendants foresaw (or knew) that the effects of their conduct would be felt in the forum state, but also that defendants undertook *intentional actions that were expressly aimed at that forum state.*

---

[9] Federal courts have cited *Calder* when examining personal jurisdiction in lawsuits asserting a violation of the TCPA. *See, e.g., Schlesinger v. Collins*, 2019 WL 4674396, at 2 (N.D.Cal. September 25, 2019) (purposeful direction is evaluated under the three factors test in *Calder* ).

*Id.* at 1077 (italics in original).[10]

In *Dudnikov*, the Tenth Circuit recognized that under the *Calder* test, a plaintiff must allege that the defendant foresaw or knew that the effect of the alleged conduct would be felt in the forum state and that the defendant undertook intentional actions expressly directed at the forum state. These requirements are consistent with the Tenth Circuit's recognition that the purposeful direction requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, . . . or of the **unilateral activity of another party** or a third person." *Old Republic*, 877 F.3d at 904-05 (emphases added) (quoting *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174). In *Old Republic*, the Tenth Circuit noted, "Mere foreseeability of causing injury in another state is insufficient to establish purposeful direction." *Old Republic*, 877 F.3d at 905 (citing *Burger King*, 471 U.S. at 474).

Regarding the second requirement that injuries arise out of a defendant's forum-related activities, the Tenth Circuit notes that this requirement ensures that there is an adequate connection existing between the forum and the underlying controversy. *See Dental Dynamics*, 946 F.3d at 1229 (citing *Old Republic*, 877 F.3d at 908).

---

[10] Even if minimum contacts is established under the *Calder* analysis, courts must still inquire whether exercising personal jurisdiction would "offend traditional notions of fair play and substantial justice." *Dudnikov*, 514 F.3d at 1080 (quoting *Int'l Shoe,* 326 U.S. at 316). The Tenth Circuit noted that if minimum contacts is established, it is incumbent on a Defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Dudnikov,* 514 F.3d at 1080 (citations omitted).

> **b)** **This Court has noted that the purposeful direction inquiry requires that the non-resident defendant itself must interact with the forum state**

Recently, in *Wilson v. Virtual Benefits Group Inc.*, 2020 WL 913281 (W.D.Okla. February 25, 2020), this Court reviewed the purposeful direction requirement and noted the following:

> In *Walden v. Fiore*, 571 U.S. 277 (2014), the Supreme Court clarified the "purposeful direction" inquiry for specific jurisdiction in tort cases. "Walden teaches that personal jurisdiction cannot be based on [a defendant's] interaction with a plaintiff known to bear a strong connection to the forum state." *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1180 (10th Cir. 2014). Under *Walden*, 571 U.S. at 284, "the defendant's suit-related conduct must create a substantial connection with the forum State." **This "defendant-focused" inquiry requires that "the relationship between a defendant and the forum State must arise out of contacts that the defendant *himself* creates with the forum State," and those contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there**." *Id.* at 284-85 (internal quotation omitted, emphasis in original); *see Anzures*, 819 F.3d at 1280. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285; *see Dental Dynamics*, 946 F.3d at 1231-32.

*Wilson*, 2020 WL 913281, at 5 (emphases added and italics in original).[11]

In *Wilson,* a fraudulent misrepresentation case against an insurance brokerage company and several individuals, Plaintiff claimed that Defendants collected insurance premiums from his banking account but failed to pay the health insurers who issued the health insurance policies resulting in Plaintiff losing health insurance coverage. On the motion to dismiss for a lack of personal jurisdiction, the Court concluded that Plaintiff

---

[11] Courts have considered TCPA violations as torts. *See, e.g.*, *Bagg v. USHealth Grp., Inc.*, 2016 WL 1588666, at 3 (M.D.Fla. Apr. 20, 2016); *US Fax Law Ctr., Inc. v. iHire, Inc.*, 362 F.Supp.2d 1248, 1252 (D.Colo. 2005).

failed to establish specific personal jurisdiction over Defendants – the insurance brokerage company and a former employee of the company – in Oklahoma.

Reviewing the motion to dismiss, the Court stated that the Plaintiff initiated communications with the Defendants except when the former employee of the brokerage company provided information regarding a renewal of benefits enrollment and communicated with Plaintiff's employee about moving his coverage to another health insurer. *Wilson*, 2020 WL 913281, at 6. Regarding the brokerage company, the Court stated that other than Plaintiff's allegation that the brokerage company drafted insurance premiums from Plaintiff's checking account at an Oklahoma bank, "the only contacts with Oklahoma occurred because Plaintiff . . . happened to be located [in Oklahoma]." *Id.* The Court stated that Plaintiff authorized the drafts and they occurred in Oklahoma solely because it was Plaintiff's banking location. *Id.*

In granting the Defendants' motion to dismiss, the Court found that "Plaintiff [did] not allege or offer facts to show that [defendants] engaged in any conduct that was expressly aimed at Oklahoma or created a substantial connection with Oklahoma." *Wilson*, 2020 WL 913281, at 6. Essentially, "[t]he Court [found] that these limited, Plaintiff-specific contacts between [Defendants] and Oklahoma [were] insufficient to show purposeful conduct directed at Oklahoma that would warrant an exercise of personal jurisdiction over them in this forum." *Id.*

c) **Even if minimum contacts requirements are established, courts must determine whether exercising personal jurisdiction over a non-resident defendant will offend traditional notions of fair play and substantial justice**

Even if the requirements of minimum contacts are met, courts must then examine whether exercising personal jurisdiction over a non-resident defendant would offend traditional notions of fair play and substantial justice. *Dental Dynamics*, 946 F.3d at 1229 (citing *Old Republic*, 877 F.3d at 909). In making this assessment, the Tenth Circuit considers the following factors:

(1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

*Dental Dynamics*, 946 F.3d at 1229.

In *Dental Dynamics*, the Tenth Circuit noted that "Defendant's showing under these factors operates on a 'sliding scale.' . . . The weaker a plaintiff's showing with respect to minimum contacts, 'the less a defendant need show in terms of unreasonableness to defeat jurisdiction.' " *Dental Dynamics*, 946 F.3d at 1229 (citation omitted).

3. **The DOE lacks minimum contacts since Plaintiff does not allege that the DOE knew Plaintiff was residing in Oklahoma when messages were sent to his cellular phone with the Hawaii area code**

In *Wilson*, *supra*, in concluding that personal jurisdiction was lacking over the Defendants, this Court noted that minimum contacts "must arise out of contacts that the

11

defendant himself creates with the forum State" and such contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there." *Wilson*, 2020 WL 913281, at 5. The Court's emphasis on the Defendants' contacts with the forum state and not the contacts with the persons who reside in the forum state is also consistent with existing Tenth Circuit law. In the Tenth Circuit, courts recognize that personal jurisdiction should not be asserted over a non-resident defendant "solely as a result of random, fortuitous, or attenuated contacts, . . . or of the unilateral activity of another party or a third person." *Old Republic*, 877 F.3d at 904-05.

In this current matter before this Court, the non-resident Defendant - the DOE - is the public agency of the State of Hawaii that provides the compulsory public education to students in the State. *See generally* H.R.S. § 26-12. Plaintiff alleges that his son's DOE school called him about school matters on his cellular phone – a cellular phone with the Hawaii area code 808.

However, Plaintiff fails to allege that the DOE purposefully conducted any activities at this forum - Oklahoma. Plaintiff does not allege that he was actually residing in Oklahoma when the calls were made to his cellular phone. Moreover, Plaintiff does not allege that the DOE knew that Plaintiff was residing or otherwise located in Oklahoma when calls were being made to his cellular phone. Even presuming that Plaintiff may have been residing or located in Oklahoma when these alleged calls were made to his cellular phone, Plaintiff does not allege that the DOE itself made contact with Oklahoma. If Plaintiff was residing in Oklahoma when calls from the DOE were made to his cellular phone, Plaintiff's unilateral activity – moving and residing in Oklahoma (without any

knowledge by the DOE) – is insufficient to establish that the DOE made minimum contacts with Oklahoma. Under similar circumstances, this Court found no basis for asserting personal jurisdiction over the non-resident defendant in *Wilson*.

Under such circumstances, "Plaintiff does not allege or offer facts to show that [the DOE] engaged in any conduct that was expressly aimed at Oklahoma or created a substantial connection with Oklahoma." *Wilson*, 2020 WL 913281, at 6. As this Court has recognized, "[T]he plaintiff cannot be the only link between the defendant and the forum." *Wilson*, 2020 WL 913281, at 5 (quoting *Walden*, 571 U.S. at 285).

Even analyzing personal jurisdiction under the *Calder* analysis for lawsuits claiming a TCPA violation, in determining whether a non-resident defendant has purposefully directed activities in the forum state, courts have concluded there was personal jurisdiction where the defendant knew that calls were directed at the forum state and, therefore, should have anticipated harm in the forum state. *See, e.g.*, *Lee v. Branch Banking & Trust Company*, 2018 WL 5633995, at 5 (S.D.Fla. October 31, 2018); *but compare Naiman v. TranzVia LLC*, 2017 WL 5992123 (N.D.Cal. December 4, 2017) (granting motion to dismiss the TCPA complaint where plaintiff did not allege that the defendant made the calls at issue – while noting the plaintiff must allege that defendant intended acts aimed at the forum state that defendant knew would result in harm in the forum state).

In *Naiman*, the Plaintiff – a California resident – filed a proposed class action lawsuit for violating the TCPA against the Defendant – a Delaware LLC – that did

13

business offering payment technologies for businesses. Plaintiff claimed that the Defendant was liable for the calls made by a separate telemarketer based upon agency and vicarious liability. While finding that the Defendant did not make the calls at issue, the Court highlighted the fact that the challenged calls were made to Plaintiff who was a California resident and whose cellular and residential phones had the California area code:[12]

> The court finds that the motion must be GRANTED. First, with regard to personal jurisdiction, if plaintiff alleged facts showing [Defendant] had intentionally made unsolicited calls to plaintiff's cell phone (and residential phone) numbers, both of which have the California area code 925, such facts could show purposeful direction to California such that [Defendant] would be reasonably subject to the personal jurisdiction of this court. . . . The burden would then shift to [Defendant] to show that it would be unreasonable for it to be subject to jurisdiction in California.

*Naiman*, 2017 WL 5992123, at 9.

Critically, as emphasized in *Naiman*, under the *Calder* analysis in lawsuits alleging violations of the TCPA, to establish purposeful direction, Plaintiff must allege that the DOE knew that Plaintiff was residing in Oklahoma when calls were made to his cellular phone with the Hawaii area code. Such allegations are necessary to establish that the DOE could reasonably anticipate being subject to personal jurisdiction in Oklahoma. Plaintiff fails to allege such knowledge by the DOE.

---

[12] In analyzing the "purposeful direction" requirement, the *Naiman* Court stated, "The plaintiff must show that the defendant committed an intentional act, expressly aimed at the forum state, causing harm that the defendant knows is likely to be suffered in the forum state." *Naiman,* 2017 WL 5992123, at 6 (citing *Calder*, 465 U.S. at 789-90).

> **4.**      **Exercising personal jurisdiction over the DOE would not comport with the traditional notions of fair play and substantial justice**

Even if such phone calls to Plaintiff's cellular phone created the necessary minimum contacts with Oklahoma, this Court must determine whether jurisdiction over the DOE is reasonable in light of the circumstances and comports with the traditional notions of fair play and substantial justice. In examining the five factors cited by courts in the Tenth Circuit, the balance weighs against asserting jurisdiction over the DOE in Oklahoma. *See Dental Dynamics*, 946 F.3d at 1229.

The DOE – a public agency of the State of Hawaii – will be presenting its case through its employees – all of whom live in Hawaii. Therefore, factor one favors the DOE. The Complaint is based upon alleged violations of a federal law, not Oklahoma law; therefore, this matter does not present any interest of the State of Oklahoma interpreting its own state laws. Therefore, factor two also favors the DOE. Plaintiff may have an interest in litigating this matter in Oklahoma for his convenience. Therefore, factor three may favor the Plaintiff. Factor four should be neutral as the examination of a federal act can be obtained efficiently in a federal district court in Hawaii. Factor five should be neutral as well since there is no fundamental social policy of Oklahoma at issue in this matter – the Complaint only concerns whether automated calls were made to Plaintiff's cellular phone with the 808 area code in violation of the TCPA – a federal law. The totality of these factors is that exercising jurisdiction over the DOE in Oklahoma would offend the traditional notions of fair play and substantial justice. *See generally Dental Dynamics*, 946 F.3d at 1229; *Old Republic*, 877 F.3d at 909.

Accordingly, this Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction.

**B.      Plaintiff has not Properly Served Process on the DOE as Required Under Hawaii State Law**

**1.      Fed. R. Civ. P. 4 requires service on the DOE in accord with Hawaii state law**

Rule 4(e) of the Federal Rules of Civil Procedure governs the service of process in this matter and reads as follows:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

16

Plaintiff has apparently attempted service on the DOE by mail.[13] As discussed further, service by mail does not comply with Hawaii state law governing the service of process.

> **2.      Hawaii state law requires personal service on the Department of the Attorney General and the Department of Education**

Rule 4(d)(5) of the Hawaii Rules of Civil Procedure ("HRCP")[14] governs the service of process in this matter and reads as follows:

> **(d)  Same: Personal Service.** The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
>
> . . .
>
> > (5) Upon an officer or **agency of the State by serving the State and by delivering a copy of the summons and of the complaint to such** officer or **agency**. If the agency is a corporation, the copies shall be delivered as provided in paragraph (3) of this subdivision of this rule.

*Id.* (emphases added).[15]

---

[13] Plaintiff mailed the Department of the Attorney General a copy of the Complaint on or about March 23, 2020. According to the Docket Sheet for this matter, Plaintiff apparently previously mailed a copy of the Complaint sometime in December 2019. As discussed herein, mailing the process is insufficient service of process under Hawaii state law.

[14] "Except as otherwise provided in Rule 72 or in this Rule 81, these rules [of civil procedure] shall apply to all actions and proceedings of a civil nature in any circuit court and to all appeals to the appellate courts in all actions and proceedings of a civil nature in any circuit court; and for that purpose every action or proceeding of a civil nature in the circuit court shall be a "civil action" within the meaning of Rule 2." HRCP Rule 81(i). These rules govern process in the courts of general jurisdiction in the State of Hawaii.

[15] Subsection (d)(4) of HRCP Rule 4 governs service on the State of Hawaii and reads as follows:

In accord with the plain language of Hawaii state law, Plaintiff is required to serve by personal service, not by mail, both the Attorney General of the State of Hawaii (or the Assistant Attorney General or any Deputy Attorney General that has been appointed by the Attorney General) and the public agency – in this case, the DOE.

Plaintiff has not personally served the Attorney General of the State of Hawaii or the DOE. Therefore, Plaintiff has not properly served his Complaint/Summons on the DOE in accord with Hawaii state law.

### C.    Plaintiff has not Properly Served the DOE within the Time Limits of Fed. R. Civ. P. 4

Finally, Plaintiff has not properly served the DOE within 90 days after his Complaint was filed. Fed. R. Civ. P. 4(m) provides as follows:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

While Plaintiff is pro se in this matter, this Court like other Federal Courts recognizes that even pro se parties must comply with the rules of court. *See Burdex v. Smith*, 2020 WL 609759, at 1 (W.D.Okla. January 14, 2020) (pro se plaintiff must follow

---

(4) Upon the State by delivering a copy of the summons and of the complaint to the attorney general of the State or to the assistant attorney general or to any deputy attorney general who has been appointed by the attorney general.

18

the same rules as any other litigant) (citing *Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007)).

Plaintiff filed his Complaint on November 27, 2019. The 90 days period for completing timely service ran on February 25, 2020. Absent showing of good cause for Plaintiff's failure to timely serve his Complaint/Summons on the DOE within the 90 days from the filing of his Complaint, this Court should quash service of process.

### D.   Sovereign Immunity Precludes Plaintiff from Asserting his Complaint in this Court

Finally, the DOE – a public agency of the State of Hawaii – cannot be sued in this Court because of its sovereign immunity under the Eleventh Amendment of the United States Constitution.   *See generally Michelle S. v. Oklahoma*, 2008 WL 2951095 (W.D.Okla. July 28, 2008).   In *Michelle*, this Court summarized the governing law on sovereign immunity:

> The Eleventh Amendment to the U.S. Constitution permits a state to raise the defense of sovereign immunity against any suit brought against it in federal court by its own citizens or the citizens of another state. *See Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381 (1998); *Seminole Tribe v. Florida,* 517 U.S. 44, 69–73 (1996). Absent a specific waiver of immunity by the state, its express abrogation by Congress, or a situation where a citizen sues a state official based on *Ex Parte Young,* 209 U.S. 123 (1908), a nonconsenting state cannot be sued by private individuals in federal court. *Opala v. Watt,* 454 F.3d 1154, 1157 (10th Cir.2006), *cert. denied,* —— U.S. —— (2006).

*Michelle*, 2008 WL 2951095 at 1; *see also Leming v. Oklahoma Department of Veterans Affairs*, 2018 WL 5929644, at 1 (W.D.Okla. November 13, 2018) (claims asserted in the Complaint as being barred by sovereign immunity are governed by Fed. R. Civ. P.

12(b)(1)) (citing *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001) (the Eleventh Amendment is a limitation on a court's subject-matter jurisdiction)).[16]

Congress did not abrogate sovereign immunity when it enacted the TCPA. *See Threadford v. Board of Trustees of University of Alabama*, 2018 WL 2197554, at 3 (N.D.Ala. May 14, 2018) ("[N]othing in the TCPA suggests that Congress intended to abrogate the states' Eleventh Amendment immunity. Therefore, the TCPA does not abrogate Defendant's Eleventh Amendment immunity, and the TCPA claim against Defendant is due to be dismissed."); *see also Lambert v. Seminole County School Board*, 2016 WL 9453806, at 3 (M.D.Fla. January 21, 2016) (court is led to the inevitable conclusion that governmental entities fall outside the ambit of the TCPA).

Hawaii did not abrogate sovereign immunity under the Eleventh Amendment with respect to tort claims in federal court.[17] *See Beckmann v. Ito*, 2020 WL 53559 (D.Hawaii January 3, 2020) (dismissing, *inter alia,* state law tort claims against the State agency and the state employees in their official capacity based upon sovereign immunity under the Eleventh Amendment). In *Beckmann*, the Federal District Court for the District of Hawaii reviewed the governing law regarding the sovereign immunity of the State of Hawaii in federal courts:

---

[16] In his Complaint, Plaintiff does not assert claims that are applicable under *Ex Parte Young*. *See Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015) (under *Ex Parte Young*, plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief).

[17] Federal courts have characterized TCPA violations as torts. *See* cases in footnote 11, *supra.*

> "Absent a state's unequivocal consent, the Eleventh Amendment bars a federal court from entertaining a suit against that state, or one of its agencies or departments, based on state law." *Hall v. State of Hawaii*, 791 F.2d 759, 761 (9th Cir. 1986). "Although Hawaii has waived its sovereign immunity as to some state tort and statutory claims, it has done so solely with respect to state court actions." *Sherez v. State of Hawaiʻi Dep't of Educ*., 396 F. Supp. 2d 1138, 1144 (D. Haw. 2005); *see also Pahk v. Hawaii*, 109 F. Supp. 2d 1262, 1268 (D. Haw. 2000) ("Although the State of Hawaii consents to being sued in tort actions in Haw. Rev. Stat. §§ 661–2 and 3, **that consent applies only to cases brought in the state courts of Hawaii, *not* to cases brought in federal courts**.").

*Beckmann*, 2020 WL 53559 at 16 (emphases and italics added).  Recognizing that the State of Hawaii had not waived its sovereign immunity, the Court dismissed, *inter alia*, the state law tort claims against the State of Hawaii agency and the State employees in their official capacity.  *Id*. at 17.

The State of Hawaii, through its public agency – the DOE – has not waived its sovereign immunity and cannot be sued by Plaintiff in this Court.  Accordingly, in addition to the other grounds for dismissal, this Court should dismiss Plaintiff's Complaint based upon the sovereign immunity of the DOE – a public agency of the State of Hawaii.

## IV.   CONCLUSION

Accordingly, based upon Rule 12(b)(2) and Rule 12(b)(5) of the Federal Rules of Civil Procedure, DOE requests that the Court grant the Motion to Dismiss. Alternatively, based upon Rule 4(m) of the Federal Rules of Civil Procedure, the DOE requests that the Court quash the service of process.

Additionally, based upon sovereign immunity, the DOE – a public agency of the State of Hawaii – cannot be sued in this Court.   The DOE also requests dismissal of Plaintiff's Complaint based upon sovereign immunity.

DATED:       May 1, 2020.

/s/ Kunio Kuwabe
KUNIO KUWABE            HBA#4798
Deputy Attorney General
Education Division
Department of the Attorney General,
State of Hawai‘i
235 S. Beretania Street, Room 304
Honolulu, Hawai‘i 96813
Phone: (808) 586-1255
Facsimile: (808) 586-1488
Email: Kunio.Kuwabe@hawaii.gov

Attorney for Defendant
DEPARTMENT OF EDUCATION

22

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid to the following person who is not a registered participant:

John Anthony Guadnola
6920 S. Main St. #283
Wheatland, OK 73092
*Plaintiff pro se*

/s/ Kunio Kuwabe
KUNIO KUWABE          HBA#4798