## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHN-ANTHONY GUADNOLA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. CIV-19-1114-G** |
| | ) |
| **HAWAII DEPARTMENT OF** | ) |
| **EDUCATION,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>ORDER</u>

Now before the Court is the Motion to Dismiss (Doc. No. 15) of Defendant Hawaii

Department of Education ("HDOE"),[1] to which Plaintiff has responded in opposition (Doc.

No. 16).  Having carefully reviewed the parties' submissions, the Court concludes that it

lacks personal jurisdiction over the HDOE and grants its Motion to Dismiss on that basis.

*I.  Plaintiff's Allegations*

Plaintiff, a resident of Oklahoma County, Oklahoma, is the parent of a student who

attends the Waialua High and Intermediate School (the "School") located in Waialua,

---

[1] In the caption and body of the Complaint, Plaintiff identifies the defendant as "Hawaii Department of Education Waialua High and Intermediate School."  Compl. (Doc. No. 1) at 1-2; *see* Pl.'s Resp. at 8 (acknowledging "errors" in identifying the HDOE).  Affording Plaintiff's pleading the liberal construction to which he is entitled as a pro se litigant, the Court construes the Complaint as asserting a claim against the HDOE, which operates Hawaii's public-school system and is the "appropriate party" to be sued in connection with grievances against a Hawaii public school.  *K.S-A ex rel. Franklin v. Haw. Sch. Dist.*, No. CV-16-00115, 2017 WL 6452417, at *5 (D. Haw. Dec. 18, 2017); *see also* Haw. Rev. Stat. § 302A-1128 (stating that the HDOE is "responsible for the conduct of all affairs pertaining to public instruction").  Plaintiff has not indicated an intent to separately sue the Waialua High and Intermediate School or any other entity.  The caption of the case is hereby amended to reflect the proper defendant.

Hawaii.  *See* Compl. at 2-3.  Plaintiff alleges that on October 27, 2017, he sent a letter to the School advising that he "did not want any automated phone calls from the School other than voice communication."  *Id.* at 2.  The letter stated in relevant part:

> The emergency contact information for [Plaintiff's son] is 808-[XXX-XXXX].  This number is only provided as an emergency contact number or a number that a teacher [or] counselor . . . may use for 'voice' communication.  No other use of the cell number 808-[XXX-XXXX] is authorized and any implied permission is *revoked*.

*Id.*

Plaintiff alleges that, despite the School's receipt of his express revocation of consent, he received at least 36 automated phone calls from the School in the period spanning November 25, 2018, to April 30, 2019.  *See id.* at 4-5.  These unwanted calls form the basis of the instant lawsuit, filed November 27, 2019, by which Plaintiff seeks to recover statutory damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA").  *See id.* at 5-6.

## II.   *Plaintiff's Burden to Establish Personal Jurisdiction*

The plaintiff bears the burden of establishing personal jurisdiction.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069-70 (10th Cir. 2008).  At the pleading stage, the plaintiff's burden is relatively light.  *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992).  Where, as here, the court considers a pretrial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion."  *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (internal quotation marks omitted).  For purposes of the plaintiff's prima facie case, the allegations

in the complaint are accepted as true but only to the extent they are uncontroverted by the defendant's affidavits. *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011). In this context, "[i]f the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (internal quotation marks omitted).

When considering whether personal jurisdiction exists in a federal question case, federal courts must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal quotation marks omitted). Because the TCPA does not authorize nationwide service of process,[2] the question of whether there is statutory authorization to serve a defendant in this matter is resolved by reference to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which commands that the district court "apply the law of the state in which the district court sits." *Dudnikov*, 514 F.3d at 1070; *see* Fed. R. Civ. P. 4(k)(1)(A) (prescribing that serving a summons "establishes personal jurisdiction over a defendant" "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").

Oklahoma has enacted a "long-arm" statute that authorizes its courts to exercise jurisdiction to the maximum extent permitted by the federal Constitution. *Rambo v. Am.*

---

[2] *See Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 15-C-2980, 2016 WL 4146471, at *1 (N.D. Ill. Aug. 4, 2016).

*S. Ins. Co.*, 839 F.2d 1415, 1416-17 (10th Cir. 1988); *see* Okla. Stat. tit. 12, § 2004(F). Accordingly, the Court's inquiry is reduced to a single question: whether the Court's exercise of jurisdiction over the HDOE is consistent with constitutional due process.

III.   *Minimum-Contacts Analysis*

"Due process requires both that the defendant 'purposefully established minimum contacts within the forum State' and that the 'assertion of personal jurisdiction would comport with fair play and substantial justice.'" *Old Republic Ins. Co.*, 877 F.3d at 903 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). Depending on the facts, "an out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction." *Id.*

A.   General Jurisdiction

A court may exercise general jurisdiction over an out-of-state defendant where the defendant's contacts with the forum state are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 924.

Plaintiff has not articulated any facts to support a finding that the HDOE—a public agency of the State of Hawaii—is "at home" in Oklahoma. Therefore, the Court cannot exercise general jurisdiction over the HDOE.

B.   Specific Jurisdiction

A court may exercise specific jurisdiction over an out-of-state defendant if the plaintiff's lawsuit arises out of the defendant's contacts with the forum state.  *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  Thus, to establish minimum contacts for specific jurisdiction, the plaintiff must show: (1) that the defendant "purposefully directed its activities at residents of the forum state"; and (2) that "the plaintiff's injuries . . . [arose] out of the defendant's forum-related activities."  *Old Republic Ins. Co.*, 877 F.3d at 904 (alteration and internal quotation marks omitted).  If the plaintiff makes this showing, the court may exercise specific jurisdiction unless the defendant presents a "'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'"  *Id.* (quoting *Burger King Corp.*, 471 U.S. at 477).

Plaintiff asserts that he resides in Oklahoma, where the automated calls were allegedly received.  Compl. at 2.  But this alone is insufficient to support a finding that the HDOE purposefully directed the automated phone calls to Oklahoma, as Plaintiff does not supply any facts indicating that the HDOE was aware or should have been aware of his Oklahoma residency.  By Plaintiff's own account, the HDOE initiated the phone calls to a Hawaii-based cell phone number[3] belonging to the parent of a child attending public school in Hawaii.  *See* Compl. at 2.  These allegations, accepted as true, do not establish purposeful direction of activities to Oklahoma.  *See Hood v. Am. Auto Care, LLC*, No. 18-CV-02807, 2020 WL 1333091, at *4 (D. Colo. Mar. 23, 2020) (finding that specific jurisdiction was

---

[3] The Court takes judicial notice that the area code 808 serves Hawaii.  *See, e.g.*, *Driessen v. Woodforest Nat'l Bank*, 940 F. Supp. 2d 584, 587 n.4 (S.D. Ohio 2013)

lacking over TCPA defendants in Colorado because plaintiff advanced "no allegations or evidence that would allow the Court to infer that defendants knew [plaintiff's] Vermont phone number was associated with a Colorado resident"), *appeal docketed*, No. 20-1157 (10th Cir. Apr. 22, 2020); *Hastings v. Triumph Prop. Mgmt. Corp.*, No. 15CV312, 2015 WL 9008758, at *2 (S.D. Cal. Dec. 15, 2015) (holding that TCPA defendant was not subject to personal jurisdiction in California based on phone calls to plaintiffs' Arizona-based phone numbers where there was "no reason to believe [defendant] knew [plaintiffs] were California residents, or even that [defendant] should have known this"); *Michaels v. Micamp Merch. Servs.*, No. CIV.A. 13-191E, 2013 WL 5970340, at *4 (W.D. Pa. Nov. 8, 2013) (finding that there was no specific jurisdiction over TCPA defendants in Pennsylvania based on phone calls to plaintiff's Florida-based cell phone number where plaintiff never informed defendants that he was located in Pennsylvania).

Consequently, the Court cannot exercise specific jurisdiction over the HDOE.

## IV.   *Transfer Pursuant to 28 U.S.C. § 1631*

Because this Court lacks personal jurisdiction over the HDOE, the Court next considers whether, in lieu of dismissal, this action should be transferred to another United States district court pursuant to 28 U.S.C. § 1631.  *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).  Section 1631 provides that, where jurisdiction is lacking, a federal court "shall, if it is in the interest of justice" transfer the action to a court "in which the action could have been brought."  28 U.S.C. § 1631.  The statute, as interpreted by the Tenth Circuit, "grant[s] the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."  *Trujillo*, 465 F.3d at 1222-23.

6

To determine whether the interest of justice warrants transfer, the Court considers factors such as: (1) whether "the new action would be time barred"; (2) whether "the claims are likely to have merit"; and (3) whether "the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Id.* at 1223 n.16 (internal quotation marks omitted).

In this case, at least two of the interest-of-justice factors weigh in favor of dismissal. First, the applicable statute of limitations would not bar a new action filed in the appropriate district court. Plaintiff's TCPA claim is subject to a four-year limitations period, *see* 47 U.S.C. § 227(b)(4)(E)(ii), and is based on events alleged to have occurred between November 25, 2018, and April 30, 2019, *see* Compl. at 4. Thus, Plaintiff has ample time within which to refile his claims in the appropriate district court.

Second, Plaintiff's claim is without merit insofar as it is barred by the doctrine of sovereign immunity. Sovereign immunity, as adopted in the Eleventh Amendment, prevents federal courts from hearing claims by private citizens against U.S. states. *See* U.S. Const. amend. XI; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 65 (1996). "Under the arm-of-the-state doctrine, this immunity extends to entities created by state governments which operate as their alter egos or instrumentalities." *Elam Constr., Inc. v. Reg'l Transp. Dist.*, 129 F.3d 1343, 1345 (10th Cir. 1997).

The Court must first determine whether the HDOE is an "arm of the state" of Hawaii. While a defendant's status as an arm of the state is a question of federal law, courts make this determination by analyzing the "nature of the entity created by state law." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (internal

quotation marks omitted).  Courts in the Tenth Circuit consider four relevant factors: "(1) the character ascribed to the defendant under state law; (2) the autonomy accorded the defendant under state law; (3) the defendant's finances; and (4) whether the defendant . . . is concerned primarily with local or state affairs."  *Couser v. Gay*, 959 F.3d 1018, 1024 (10th Cir. 2020) (alterations and internal quotation marks omitted).

Application of the foregoing factors leads to the conclusion that the HDOE is an arm of the State of Hawaii.  "The State of Hawaii is unique" in that "it vests the state, as opposed to local or county government, with the obligation to educate its populace." *Lindsey v. Matayoshi*, 950 F. Supp. 2d 1159, 1166 (D. Haw. 2013); *see also* Haw. Const. art. 10, § 1 ("The State shall provide for the establishment, support and control of a statewide system of public schools . . . ."); *Michael P. v. Dep't of Educ.*, 656 F.3d 1057, 1070 (9th Cir. 2011) (Clifton, J., dissenting) ("Hawaii is the only state in the nation that has placed the primary responsibility for public education on the state itself.").  As a result of this unique structure, "[t]he Hawaii DOE *is* the state." *Lindsey*, 950 F. Supp. 2d at 1168. Consequently, the HDOE is an arm of the state for purposes of Eleventh Amendment immunity.  *See Office of Hawai'ian Affairs v. Dep't of Educ.*, 951 F. Supp. 1484, 1492 (D. Haw. 1996) (holding that plaintiffs' claims against the HDOE were barred by the doctrine of sovereign immunity); *accord Turner v. Dep't of Educ. Haw.*, 855 F. Supp. 2d 1155, 1177 (D. Haw. 2012).

Having determined that Hawaii's sovereign immunity extends to the HDOE, the Court next considers whether any exception to the doctrine applies.  There are three exceptions to Eleventh Amendment immunity:

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (citations omitted).

Plaintiff's claim is not actionable under any of the foregoing exceptions. Hawaii has not consented to be sued in federal court. *See Beckmann v. Ito*, 430 F. Supp. 3d 655, 678 (D. Haw. 2020) ("Although Hawaii has waived its sovereign immunity as to some state tort and statutory claims, it has done so solely with respect to state court actions." (internal quotation marks omitted)). Nor did Congress abrogate states' sovereign immunity when it enacted the TCPA. *See Threadford v. Bd. of Trs. of Univ. of Ala.*, No. 2:18-CV-00262, 2018 WL 2197554, at *3 (N.D. Ala. May 14, 2018) (noting that "nothing in the TCPA suggests that Congress intended to abrogate the states' Eleventh Amendment immunity"). Finally, Plaintiff has not sued any individual state officer, asserted an ongoing violation of federal law, or sought prospective relief.

Accordingly, Plaintiff's claims are barred by the Eleventh Amendment, and a transfer of this action would not serve the interest of justice. *See* 28 U.S.C. § 1631.

V.    *Leave to Amend*

Plaintiff requests leave to amend his Complaint to cure any deficiencies. *See* Pl.'s Resp. at 3, 8-9. District courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants the

maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).

This Court's local rules, however, direct that a party seeking leave to amend under Rule 15(a)(2) must file a separate motion to that effect, stating whether any party objects and "attach[ing] the proposed pleading as an exhibit to the motion." LCvR 15.1.  Plaintiff did not comply with this Rule and has not explained what changes he proposes to make. He has not, therefore, shown that amendment would cure the jurisdictional defects addressed above.  Accordingly, the Court denies the request for leave to amend but does so without prejudice to Plaintiff submitting a motion for leave to amend that complies with Local Civil Rule 15.1.

## CONCLUSION

For the reasons stated above, Plaintiff John-Anthony Guadnola has failed to make a prima facie showing of personal jurisdiction over Defendant Hawaii Department of Education.  Accordingly, Defendant's Motion to Dismiss (Doc. No. 15) is GRANTED, and Plaintiff's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE.  Plaintiff may submit a motion for leave to file an amended complaint within 21 days of this order.  Absent the filing of such a motion, judgment shall be entered for Defendant.

IT IS SO ORDERED this 22nd day of March, 2021.

CHARLES B. GOODWIN
United States District Judge